IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 1:23-cr-41-ECM |
| | )                [WO] |
| TONY JEROME MOBLEY, SR. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is Defendant Tony Jerome Mobley, Sr.'s unopposed motion to continue trial (doc. 40) filed on December 12, 2023. Jury selection and trial are presently set on the term of court commencing on January 22, 2024. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider,"

among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant represents to the Court that he needs additional time to adequately prepare for trial. Specifically, counsel represents that the Defendant was recently evaluated by a clinical psychologist, Dr. Ginny Chan; that Dr. Chan found evidence of the Defendant's memory issues which could bear on the Defendant's guilt in this case; and that Dr. Chan has recommended the Defendant be evaluated by a neuropsychologist who has specialized training to conduct objective testing on the Defendant's memory, attention, and other issues which could bear on the Defendant's guilt. (Doc. 40 at 1–2). Counsel represents that he has located a neuropsychologist who can evaluate the Defendant on December 29, 2023, but that there would be insufficient time between the date of the evaluation and the current trial setting to disclose the proper information to the United States and allow the United States to pursue its own evaluation if it so desires. The United States does not oppose a continuance. After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Accordingly, for good cause, it is

ORDERED that the motion to continue (doc. 40) is GRANTED, and jury selection and trial are CONTINUED from January 22, 2024, to the criminal term of court set to commence on **April 8, 2024 at 10:00 a.m.** in Dothan, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the April 2024 trial term.

Done this 15th day of December, 2023.

                                            /s/ Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE