IN THE UNITED STATES DISTRICT COURT<br>
FOR THE MIDDLE DISTRICT OF ALABAMA<br>
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 1:23-cr-41-ECM |
| | )          [WO] |
| TONY JEROME MOBLEY, SR. | ) |

### MEMORANDUM OPINION and ORDER

Now pending before the Court is the parties' joint motion to continue trial (doc. 47) filed on March 20, 2024. Jury selection and trial are presently set on the term of court commencing on April 8, 2024. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider,"

among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

The parties represent to the Court that additional time is needed to ascertain the status of the Defendant's mental health. Specifically, the parties represent that the Defendant was recently evaluated by a forensic psychologist and a separate clinical neuropsychologist who both opined that the Defendant is likely suffering from early stages of dementia and aphasia. The parties agree that if the Defendant is suffering from early stages of dementia and aphasia, it would likely impact the resolution of the case. Additionally, the parties wish to obtain a diagnosis from a medical doctor to confirm or deny the psychologists' findings, and they represent that this evaluation would take approximately 30-45 days and could not be completed in time for the current trial setting. After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Accordingly, for good cause, it is

ORDERED that the motion to continue (doc. 47) is GRANTED, and jury selection and trial are CONTINUED from April 8, 2024, to the criminal term of court set to commence on **July 15, 2024 at 10:00 a.m.** in Dothan, Alabama. All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the July trial term.

Done this 22nd day of March, 2024.

                                      /s/ Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE