IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 1:23-cr-41-ECM |
| | )             [WO] |
| TONY JEROME MOBLEY, SR. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the parties' joint motion to continue trial and to file the motion under seal (doc. 53) filed on June 21, 2024. Jury selection and trial are presently set on the term of court commencing on July 15, 2024. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider,"

among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

The parties represent to the Court that additional time is needed to ascertain the status of the Defendant's mental health, to accommodate another health issue which recently arose, and because a key Government witness is unavailable during the current trial setting. As the parties explain, the Court previously continued the Defendant's trial to afford the parties time to obtain mental health evaluations for the Defendant, and later, to obtain a diagnosis from a medical doctor. The parties now represent to the Court that additional time is needed for the Defendant to undergo further testing in order to obtain the desired medical diagnosis. (Doc. 53 at 2). Additionally, the parties represent that doctors recently determined that the Defendant has another health condition which may require intervention, and the Defendant's next medical appointment conflicts with the current trial setting. (*Id.* at 2–3). Finally, the parties also represent to the Court that the case agent is unavailable during the July 15 trial setting. (*Id.* at 3). After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Accordingly, for good cause, it is

ORDERED that the motion to seal is GRANTED. It is further

ORDERED that the motion to continue (doc. 53) is GRANTED, and jury selection and trial are CONTINUED from July 15, 2024, to the criminal term of court set to commence on

**October 21, 2024 at 10:00 a.m.** in **Dothan**, Alabama.   All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the October trial term.

Done this 24th day of June, 2024.

                                        /s/ Emily C. Marks
                                  EMILY C. MARKS
                                  CHIEF UNITED STATES DISTRICT JUDGE